# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2011

No. 10-40340
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA DEL SOCORRO CANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1445-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Maria Del Socorro Cano appeals her sentence following her guilty plea conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. Cano was sentenced within her advisory guidelines range to 41 months of imprisonment and two years of supervised release. Cano challenges the procedural and substantive reasonableness of her sentence.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). This court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first examines whether the district court committed any significant procedural error, "such as . . . failing to adequately explain the chosen sentence." *Id.* at 51. If the district court's decision is procedurally sound, this court will then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *Id.* "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see Gall*, 552 U.S. at 51 (recognizing that appellate courts may, but are not required to, apply a presumption of reasonableness to sentences within properly calculated guidelines range). The district court's factual findings are reviewed for clear error and its application of the Guidelines is reviewed de novo. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A district court's factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.*

Cano contends that the district court committed reversible procedural error by failing to adequately explain its sentence. According to Cano, the district court did not provide adequate reasons for rejecting her argument for a below-guidelines sentence based on the mitigating circumstances surrounding her 2006 Texas conviction for indecency with a child, the mitigating circumstances surrounding her illegal reentry into the United States, and the overrepresentation of her criminal history under the Guidelines. The record reflects that the district court considered each of those arguments and concluded that the factors under 18 U.S.C. § 3553(a) were satisfied by a sentence of 41 months of imprisonment, the bottom of Cano's advisory guidelines range. The district court did not err with respect to the adequacy of its explanation of the sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).

Regarding substantive reasonableness, Cano contends that her sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2L1.2, the guideline applicable to violations of § 1326, was not the result of empirical

evidence or study.  As acknowledged by Cano, that argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).  Thus, the presumption of reasonableness applies to her within-guidelines sentence.  *See Alonzo*, 435 F.3d at 554.

Cano contends that her sentence is substantively unreasonable because (1) the district court did not account for her family circumstances and responsibilities, which was a mitigating factor that should have received significant weight, and (2) overemphasized her 2006 indecency conviction by focusing on the fact of her conviction without considering her delineation of the mitigating circumstances surrounding the conviction.  The district court considered and was not persuaded by Cano's contentions for a lower sentence based on her family circumstances and responsibilities. Additionally, the district court did not clearly err in rejecting her assertions concerning the circumstances of her 2006 indecency offense.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Cano has not shown that her sentence was substantively unreasonable, nor has she rebutted the presumption of reasonableness applicable to her sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *Alonzo*, 435 F.3d at 554.

AFFIRMED.